IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD JOSEPH MILLER, JR., EW-7061,<br>　　Plaintiff, | )<br>)<br>) |
| 　　　　v. | )　Civil Action No. 05-360 J<br>) |
| SUPERINTENDENT DAVID GOODE, et al.,<br>　　Defendants. | )<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss submitted on behalf of defendant Miller (Docket No.17) be granted for failure to state a claim upon which relief may be granted, and that for the same reason, the complaint also be dismissed as to all remaining defendants.

II. Report:

Presently before the Court for disposition is a Motion to Dismiss submitted on behalf of defendant Goode.

Edward Joseph Miller, Jr., and inmate at the State Correctional Institution at Cresson has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his compliant, Miller contends that on September 1, 2005, since his return from the State Correctional Institution at Houtzdale to the State Correctional Institution at Cresson he has been unable to eat due to alleged tampering with his food. He further claims that Superintendent Goode "should be aware of what is happening", that the medical staff ignored the fact that he was

...

without medical records and that as a result he has lost twenty-five pounds. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are Superintendent Goode and the prison medical staff. Goode now moves to dismiss.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaints are construed. Haines v. Kerner, 404 U.S. 519 (1972).

In support of his motion to dismiss, Goode represents that the complaint fails to set forth any acts on his part which infringed on the plaintiff's rights, other than the fact that he is the institutional superintendent. He also alleges that prior to commencing this litigation, the plaintiff failed to exhaust the available administrative remedies. Both grounds set forth provide bases for granting the motion.

A supervisor may be personally liable in a § 1983 action where he or she actively participated in a violation of any protected right. A.M. v. Luzerne, 372 F.3d 572 (3d Cir.2004). Liability cannot be imposed on a theory of respondeat superior. Urrutia v. Harrisburgh, 91 F.3d

451 (3d Cir.1996). Since the plaintiff seeks to impose liability of the Superintendent, merely because he is the prison administrator and "should be aware of what is happening" he has failed to set forth a claim upon which relief may be granted.

In addition, the Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[1] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

In the present case Goode further alleges that the plaintiff represents that he wrote a request and advised medical staff members of his problem but did not pursue the matters any further.[2] Further the plaintiff concedes that he failed to pursue his grievance in any other manner; that he has failed to exhaust the available administrative remedies and for this reason his claims here fails to set forth a basis upon which relief may be granted. Additionally, since this same logic applies to all other defendants, i.e.,"medical staff", the complaint likewise should be dismissed as to them.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may

---

[1] See: Administrative Directive 804.

[2] Complaint at ¶ C(1).

constitute a waiver of any appellate rights.

                                                Respectfully submitted,

Entered: March 1, 2006                    s/Robert C. Mitchell,
                                                United States Magistrate Judge